# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HUMANA INSURANCE COMPANY, a Wisconsin  Corporation, et al.,** | **CASE NO. 1:16-CV-1450 AWI SAB** |
| **Plaintiffs** | **ORDER ON PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| **v.** | |
| **TENET HEALTH SYSTEM, a Texas Corporation,** | (Doc. No. 4) |
| **Defendant** | |

Plaintiffs seek an ex parte temporary restraining order that would prevent defendant from cancelling a contractual agreement.  Plaintiffs seek injunctive relief while the parties pursue arbitration, which Plaintiffs initiated prior to filing this suit.

*Legal Standard*

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders.  See Fed. R. Civ. Pro. 65.  The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction.  Majors v. Jeanes, 48 F.Supp.2d 1310, 1312 n.3 (D. Ariz. 2014); Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F.Supp.2d 1086, 1111 (N.D. Cal. 2012); Bryant v. Matvieshen, 904 F.Supp.2d 1034, 1042 (E.D. Cal. 2012); Welker v. Cicerone, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001).  A plaintiff seeking a preliminary injunction or a restraining order must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in

1  the public interest.  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 21 (2008); <u>Angelotti</u>

2  <u>Chiropractic v. Baker</u>, 791 F.3d 1075, 1081 (9th Cir. 2015).  If a moving party has only shown

3  "serious questions going to the merits," then an injunction may issue if the moving party meets the

4  irreparable harm requirement, meets the public interest requirement, and shows that the balance of

5  hardships "tips sharply" in his favor.  <u>Angelotti</u>, 791 F.3d at 1081.  However, if a moving party

6  fails to show that he has at least "some chance on the merits," then no injunction will issue.

7  <u>Developmental Servs. Network v. Douglas</u>, 666 F.3d 540, 544 (9th Cir. 2012).  "Injunctive relief .

8  . . must be tailored to remedy the specific harm alleged."  <u>Park Vill. Apt. Tenants Ass'n v.</u>

9  <u>Mortimer Howard Trust</u>, 636 F.3d 1150, 1160 (9th Cir. 2011).  Under Rule 65(b), a court may

10  issue an *ex parte* temporary restraining order only if:  (1) it clearly appears . . . that immediate and

11  irreparable injury, loss, or damage will result to the applicant before the adverse party or that

12  party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in

13  writing the efforts, if any, which have been made to give the notice and the reasons supporting the

14  claim that notice should not be required.  Fed. R. Civ. Pro. 65(b); <u>Reno Air Racing Ass'n v.</u>

15  <u>McCord</u>, 452 F.3d 1126, 1130 (9th Cir. 2006).

16      *Discussion*

17      The Court will not grant Plaintiffs' motion at this time.

18      First, Plaintiffs have invoked the Court's diversity jurisdiction, which the Court takes to

19  mean that Plaintiffs are proceeding under state law.  The only "count"/cause of action in the

20  Complaint is for injunctive relief, there are no common law or statutory causes of action/authority

21  identified.  Under California law, injunctive relief is a remedy, it is not a cause of action.

22  <u>Shamsian v. Atlantic Richfield, Co.</u>, 107 Cal.App.4th 967, 984-85 (2003).  Without an actual

23  cause of action in the Complaint, Plaintiffs do not adequately demonstrate a probability of success

24  on the merits.  Plaintiffs have cited no cases in which a court, without the benefit of any actual

25  cause of action being pled before it, has issued an injunction to maintain the status quo pending

26  resolution of the dispute before an arbitrator.

27      Second, Plaintiffs acknowledge that they have initiated arbitration proceedings, and have

28  included their "Arbitration Complaint" ("AC").  <u>See</u> Doc. No. 1 at Ex. A.  In the AC, Plaintiffs

2

1  appear to seek very similar injunctive relief from the arbitrator as they do from this Court in this

2  motion.  See id. at ¶ 26.  There has been no discussion concerning what efforts have been made

3  with the arbitrator to obtain injunctive relief or an explanation of why injunctive relief from the

4  arbitrator cannot be obtained.

5          Third, it is not clear to the Court that one of the principal irreparable harms identified will

6  result if injunctive is not issued on September 30, 2016.  As the Court understands the matter,

7  there is a contractual relationship between the parties that will, at a minimum, run until December

8  31, 2016, which means that patients will continue to receive medical treatment beyond September

9  30 from the hospitals in question.[1]

10         Finally, although not per se a reason to deny injunctive relief, it is not clear that the Eastern

11  District of California is the appropriate venue.[2]  Based on the e-mail string provided, it appears

12  that the contracts at issue may have been negotiated between Torrance, California (which is in the

13  Central District of California) and Atlanta, Georgia.[3]  See Doc. No. 6-11.  Contrary to the

14  Complaint, it is not clear that any relevant actions took place within the Eastern District of

15  California.  See 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in – (2) a judicial district

16  in which a substantial part of the events or omissions giving rise to the claim occurred, or a

17  substantial part of property that is the subject of the action is situated.").

18         For these reasons, Plaintiffs' motion will be denied.  However, the Court acknowledges

19  that there are significant questions raised in Plaintiffs' motion.  Therefore, the Court will give

20  Plaintiffs the opportunity to address the concerns identified in this order.

21  //

22  //

23  //

24
---
[1] If the Court's understanding is incorrect, this highlights the danger of filing a motion so close to September 30, 2016 (the motion was filed after the close of business on September 29, 2016).  See Doc. No. 4.

[2] The Court may raise the issue of improper venue sua sponte.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

[3] In the e-mail string, Torrance, California is listed as the address for Plaintiffs' representative, and Defendant's representative has a telephone number with an area code of 404, which is the area code for Atlanta, Georgia area.  See http://www.allareacodes.com/404.

1

ORDER

2      Accordingly, IT IS HEREBY ORDERED that:

3  1.   Plaintiffs' ex parte motion for a temporary restraining order is DENIED without prejudice;

4  2.   Plaintiffs may file an amended motion and/or an amended complaint that addresses the

5       issues raised in this Order, particularly a failure to state a claim and improper venue, no

6       later than 9:30 a.m. on October 4, 2016;[4]

7  3.   If Plaintiffs do not allege facts that demonstrate venue in the Eastern District of California

8       is appropriate, this case will be dismissed; and

9  4.   If Plaintiffs file appropriate amended documents that alleviate the Court's concerns, then

10      the Court will issue further orders at that time.

11

12  IT IS SO ORDERED.

13  Dated:   September 30, 2016          _____

14                                      SENIOR  DISTRICT  JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

---

28  [4] Plaintiffs have identified October 15, 2016 as the commencement date of an open season.  Given the significance of this date, the Court finds that a somewhat accelerated briefing schedule is warranted.